[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10852
Non-Argument Calendar

_____

Agency Nos. A078-600-416, A078-600-417

LUIS HUERTAS REPIZO,
DORA LILIA HUERTAS,
MARIA CAMILLA HUERTAS,
LUIS FELIPE HUERTAS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 17, 2009)

Before DUBINA, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Petitioners Luis Huertas Repizo, his wife, Dora Lilia Huertas, and their minor children, Maria Camilla Huertas and Luis Felipe Huertas, seek review of the Board of Immigration Appeals's ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") order denying their application for asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. On appeal, Repizo argues that the BIA erred in upholding the IJ's adverse credibility determination because the principal discrepancies and omissions described by the IJ lacked evidentiary support.[1]

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's opinion. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2002). As the BIA expressly adopted and affirmed the IJ's adverse credibility determination, we review both decisions.

Factual determinations, including credibility determinations, are reviewed under the substantial evidence test, which requires us to affirm the BIA's decision

---

[1] Repizo also argues that the lack of corroborative evidence to support his allegations of persecution was due to ineffective assistance of counsel, and indicates that he recently filed a motion to reopen removal proceedings with the BIA on said grounds. Since the BIA has yet to make a determination with regard to his motion to reopen, we lack jurisdiction to review Repizo's ineffective assistance of counsel claim because he has not yet exhausted his administrative remedies. *See* 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that appellate jurisdiction over final orders of removal are limited to claims that have been exhausted before the BIA).

if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. United States Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotation marks omitted). The substantial evidence test is "highly deferential" and obligates us to "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). To reverse an administrative factual determination, "we must find that the record not only supports reversal, but compels it." *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

Although an adverse credibility determination "alone may be sufficient to support the denial of an asylum application," it is not sufficient for the IJ to solely rely on the determination if "the applicant produces other evidence of persecution." *Forgue*, 401 F.3d at 1287. Generally, "[t]he weaker an applicant's testimony . . . the greater the need for corroborative evidence." *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). Nevertheless, once an adverse credibility determination is made, "the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Forgue*, 401 F.3d at 1287 (quoting *D-Muhumed v. U.S. Att'y Gen.,* 388 F.3d 814, 819 (11th Cir. 2004)). "Indications of reliable testimony include consistency on direct examination, consistency with the written

3

application, and the absence of embellishments." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006). Thus, in *Forgue*, we held that substantial evidence supported an adverse credibility determination where the petitioner omitted relevant facts from his asylum application and failed to produce corroborating evidence for the IJ to consider. 401 F.3d at 1287.

Because Repizo omitted material facts from his asylum application and failed to proffer corroborative evidence to support his claim of persecution, the adverse credibility determination was supported by substantial evidence in the record. Accordingly, the record neither compels, nor supports, a reversal of the IJ and BIA's decisions. Thus, we deny the petitioners' petition for review.

**PETITION DENIED.**